In the Matter of SAVE THE PINE BUSH, INC., et al., Respondents, v CITY OF ALBANY et al., Appellants.

Third Department, May 22, 1986

## APPEARANCES OF COUNSEL

*Vincent J. McCardle, Corporation Counsel (Gary F. Stiglmeier, Jr.,* of counsel), for City of Albany, appellant.

*Rutnik & Rutnik (Peter A. Lynch* of counsel), for Willard T. Anderson, appellant.

*Oliver & Oliver (Lewis B. Oliver, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Petitioners challenge three ordinances enacted by respondent City of Albany pertaining to land use within the area of the city known as the Pine Bush. One of the challenged ordinances created a new zoning classification, Commercial Pine Bush, but did not designate any property as subject to

the new classification. The second ordinance established a site plan review process applicable to certain proposed land uses within the city, and specifically created a Pine Bush Site Plan Review District encompassing some 550 acres of undeveloped land in the Pine Bush. The third ordinance granted the application of respondent Willard T. Anderson to change the zoning classification of certain property in the Pine Bush from Residential to Commercial Pine Bush in order to enable him to construct a proposed office complex on the property. Special Term declared all three ordinances invalid due to violations of the State Environmental Quality Review Act (SEQRA; ECL art 8).

Respondents contend that, as to the ordinances creating the new zoning classification and establishing the site review process, petitioners' challenges based upon alleged SEQRA violations are untimely since this proceeding was commenced more than four months after the ordinances were enacted. We agree that the four-month period of limitations applicable to CPLR article 78 proceedings generally governs proceedings to review SEQRA determinations (Weinberg, Practice Commentary, McKinney's Cons Laws of NY, Book 17½, ECL C8-0109:6, p 79). Governmental bodies making such determinations are acting in a plenary administrative capacity *(see, Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741) and, therefore, proceedings to challenge such determinations, including declaratory judgment actions, are subject to the four-month Statute of Limitations of CPLR 217 *(see, Solnick v Whalen,* 49 NY2d 224). Since SEQRA determinations are ordinarily considered to be preliminary steps in the decision-making process, they are not ripe for judicial review, and the Statute of Limitations does not begin to run, until that decision-making process has been completed *(Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, 898, *affd* 59 NY2d 999).

■■ Respondents contend that the decision-making process was completed upon enactment of the ordinances. As to the ordinance creating the new zoning classification, however, we are of the view that the matter was not ripe for judicial review, and the Statute of Limitations did not begin to run, until the new classification was actually applied to a particular piece of property. As to the ordinance creating the site plan review process, we reach a contrary conclusion, for the ordinance itself created a Pine Bush Site Plan Review District and specified the property to be included in that district,

which was subject to certain requirements to be followed in approving site plans. Upon enactment, therefore, the ordinance had an immediate impact upon petitioners' interest in the Pine Bush, and the four-month limitations period began to run as to their claimed SEQRA violations. Accordingly, respondents' motion to dismiss should have been granted as to that portion of the proceeding seeking to invalidate the site plan review ordinance.

On the merits, Special Term declared invalid the ordinance granting a zoning change for respondent Anderson's property, based upon the governmental respondents' failure to consider the potential cumulative environmental impact of all of the proposed projects in the Pine Bush pending at the time of the determination of no significant environmental impact for respondent Anderson's proposal. Respondents contend that Special Term erroneously substituted its judgment for that of the governmental body responsible for making the determination. We disagree. In reviewing determinations of environmental nonsignificance for substantive compliance with SEQRA, this court has applied the "hard look" standard set forth in *H.O.M.E.S. v New York State Urban Dev. Corp.* (69 AD2d 222, 232; *see, e.g., Matter of Save the Pine Bush v Planning Bd.,* 96 AD2d 986, 987, *appeal dismissed* 61 NY2d 668). Under this standard, the determination will not be disturbed if the record shows that the agency identified relevant areas of environmental concern, took a "hard look" at them and made a "reasoned elaboration" of the basis of its determination *(see, Matter of Jaffee v RCI Corp.,* 119 AD2d 854). Since the failure to consider a relevant area of environmental concern would violate this standard, the issue in this case distills to whether the potential cumulative impact of pending projects constituted a relevant area of environmental concern under SEQRA and, if so, whether respondent Common Council of the City of Albany, the lead agency, failed to consider such cumulative impact.

The record establishes that the Pine Bush is a distinct geographic area with a number of unique environmental characteristics worthy of preserving or protecting. Respondents concede as much. The record also establishes that a number of proposed projects in the Pine Bush were pending while respondent Anderson's proposal was being considered, although the exact number of such projects is disputed by the parties to this appeal.

The rules and regulations promulgated pursuant to SEQRA

contain a list of criteria which are considered indicators of significant effects on the environment (6 NYCRR 617.11). The list does not refer to potential cumulative effects of separate projects or actions, but by its term the list is not exhaustive (6 NYCRR 617.11 [a]). The regulation also provides that

"[a] programmatic or generic environmental impact statement may be used to assess the environmental effects of:

"(1) a number of separate actions in a given geographic area which, if considered singly may have minor effects, but if considered together may have significant effects" (6 NYCRR 617.15 [a] [1]).

While the regulation leaves the question of whether to use a generic environmental impact statement to the discretion of the lead agency, it firmly establishes that cumulative impact can, in appropriate cases, be a relevant area of environmental concern, and based upon the nature of the Pine Bush and the number of pending projects in the Pine Bush, we are of the view that this is such a case.

Turning next to the question of whether respondent Common Council satisfied its obligation to identify this relevant area of environmental concern and take a "hard look" at it, the record establishes a detailed consideration of the various potential environmental effects of the proposed project. But the record reveals that little if any consideration was given to potential cumulative effects. There is no indication that respondent Common Council considered the use of a generic environmental impact statement, and notably absent from the findings of fact adopted by respondent Common Council is any discussion of potential cumulative effects, except in relation to traffic congestion. The statement that respondent Anderson's proposal was "consistent" with other development, upon which respondents rely, is equivocal at best and falls far short of "reasoned elaboration". We conclude, therefore, that the ordinance approving the zoning change and site plan for respondent Anderson's property was properly declared invalid for failure to comply with substantive SEQRA requirements in that respondent Common Council failed to identify and take a hard look at a relevant area of environmental concern.

Having so concluded, we see no reason to pass on the remaining issues. In particular, since we have found that respondent Anderson's property was improperly rezoned to Commercial Pine Bush, there is no need to pass upon the validity of the ordinance creating the Commercial Pine Bush classification.

Lastly, we note that Special Term enjoined grading and construction on the subject property pending the preparation of a generic environmental impact statement. This provision should be deleted. There is nothing in the record to suggest that construction will be allowed before respondents cure the deficiency in their SEQRA determination, and the question of whether to use a generic environmental impact statement to effect that cure rests with respondent Common Council (see, 6 NYCRR 617.15 [a]).

MAIN, J. P., MIKOLL and YESAWICH, JR., JJ., concur.

Judgment modified, on the law, without costs, by deleting the third, fourth and fifth decretal paragraphs; the sixth decretal paragraph is amended to provide for dismissal of the second cause of action as untimely and a new decretal paragraph is added dismissing the first cause of action; and, as so modified, affirmed.