■ In the Matter of SAVE THE PINE BUSH, INC., et al., Respondents, v CITY OF ALBANY et al., Appellants, and STATE

EMPLOYEES FEDERAL CREDIT UNION et al., Intervenors-Appellants.—Mikoll, J. Appeals (1) from an order and judgment of the Supreme Court (Williams, J.), entered April 28, 1987 in Albany County, which, *inter alia,* granted petitioners' application, in a combined declaratory judgment action and proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the City of Albany approving intervenors' site development plans, and (2) from two orders of said court, entered November 4, 1987 in Albany County, which denied intervenor State Employees Federal Credit Union's motions to renew and/or reargue the prior decision.

In July 1984 respondent Common Council of the City of Albany (hereinafter Common Council) enacted an ordinance which changed the zoning from residential to commercial in an area where intervenor State Employees Federal Credit Union (hereinafter SEFCU) proposed to erect a two-story office building. The proposed site plan for this commercial project, to be located within respondent City of Albany in an area known as the Pine Bush, was approved by respondent Planning Board of the City of Albany (hereinafter the Board) in March 1985. However, in related litigation the Board withdrew its approval of the site plan pending further investigation concerning compliance with the State Environmental Quality Review Act (hereinafter SEQRA) contained in ECL article 8. In November 1985 the Board became the designated lead agency for the SEFCU project with the understanding that the Board would investigate the cumulative environmental impact of pending projects in the Pine Bush area. The Board arranged for the preparation of a draft generic environmental impact statement and then a final generic environmental impact statement (FGEIS). The FGEIS was accepted by the Board in June 1986 as a complete study of the cumulative impact of nine proposed projects in the Pine Bush area, including the SEFCU project. The Board subsequently found that the SEFCU project was a Type I action pursuant to SEQRA but did not require the preparation of a site-specific environmental impact statement (hereinafter EIS). The Board concluded "that the SEFCU site plan will not result in a significant environmental impact (Negative Declaration)" and approved SEFCU's proposed site plan.

Intervenor Madison Avenue Extension Office Park, Inc. (hereinafter MAEOPI) applied to the Board for site plan approval to construct Computer Park in the Pines, an office complex with two one-story buildings in the Pine Bush area. The MAEOPI project was found to be a SEQRA Type I action

with a positive declaration of environmental significance which required preparation of an EIS. Draft and final site-specific EISes were prepared and the final site-specific EIS was accepted in July 1985. The Board approved MAEOPI's site plan finding that SEQRA requirements had been satisfied.

Petitioner Save the Pine Bush, Inc. is a not-for-profit corporation formed to work for the preservation of the Pine Bush area, said to be the only surviving large pine barrens on inland sand dunes in the country. In July 1986 petitioners, Save the Pine Bush, Inc., six of its officers and one individual proceeding as a taxpayer, began this declaratory judgment action and CPLR article 78 proceeding challenging the change from residential to commercial zoning for SEFCU's project and the Board's approval of four proposed site plans in the Pine Bush area, including site plans of SEFCU and MAEOPI. The complaint/petition also sought preliminary and permanent injunctive relief prohibiting construction of the projects until SEQRA compliance was achieved. Supreme Court granted the application to the extent of declaring the Board's approval of the SEFCU and MAEOPI site plans null and void as violative of SEQRA.* The language regarding injunctive relief was crossed out of the proposed order and judgment by Supreme Court. The City of Albany, the Board, the Common Council, SEFCU and MAEOPI appeal from this order and judgment.

Subsequently, SEFCU's motions to renew and/or reargue the prior decision were denied by Supreme Court. Since the motions were actually motions to reargue, the orders entered thereon are not appealable and the appeals therefrom should be dismissed (see, Fashion Tanning Co. v Shutzer Indus., 108 AD2d 485, 486-487).

Although the SEQRA compliance issue as to SEFCU and MAEOPI is moot due to the completion of the SEFCU project and substantial completion of the MAEOPI complex during pendency of the present litigation and the failure of petitioners to obtain the appropriate injunctive relief (see, Matter of Serafin v Wallace, 117 AD2d 926), we address the merits since "a question of general interest and substantial public importance is present and is likely to recur if not judicially resolved" (Matter of Friends of Pine Bush v Planning Bd., 86

---

* Supreme Court dismissed the first two causes pleaded in the complaint/petition. This proceeding then is essentially a CPLR article 78 proceeding alleging noncompliance with SEQRA (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202-203).

AD2d 246, 248, *affd on opn below* 59 NY2d 849; *see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715) and, therefore, this controversy falls within an exception to the mootness doctrine. The Pine Bush area is unique and of public interest. The FGEIS addressed 9 projects pending in the Pine Bush area, only 2 of which are involved here. A determination of the merits is therefore warranted.

Turning to the merits, there should be an affirmance, but not on the ground of collateral estoppel mentioned by Supreme Court in its decision. Supreme Court correctly determined that in light of the utilization of the same FGEIS, there existed an identity of issues between the instant proceeding and a case involving a site plan for a residential development in the Pine Bush area referred to as Karner Meadows *(see, Matter of Save the Pine Bush v Planning Bd.,* 130 AD2d 1, *lv denied* 70 NY2d 610). The FGEIS addressed the cumulative impact of the pending proposals in the Pine Bush area, but failed to address the issue of the minimum acreage required for the survival of the Pine Bush ecology. Nevertheless, to apply collateral estoppel against SEFCU and MAEOPI, who were not parties to the Karner Meadows case, it must be found that they are in privity with the Board, against whom the previous decision was rendered *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500). In the instant case, however, the Board, as lead agency, has the duty to determine "whether the action may have a significant effect on the environment" (ECL 8-0111 [6]); consequently, the Board is required to take a more neutral role in considering the impact of the proposed site plans than the interests of SEFCU and MAEOPI would require. The element of privity is lacking; therefore, Supreme Court erroneously found privity and improperly applied the doctrine of collateral estoppel.

Significantly, Supreme Court expressly noted in its decision that the same analysis resulting in the nullification of the site plan approvals could be reached outside the doctrine of collateral estoppel. After the determination that the proposed projects were Type I actions requiring the preparation of an EIS *(see,* ECL 8-0109 [4]; 6 NYCRR 617.12), an EIS was required that was sufficient to allow a hard look and reasoned elaboration for the Board's determination of whether the projects would have a significant environmental effect *(see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364; *see also,* ECL 8-0109 [2]). The Board's approval of the SEFCU and MAEOPI site plans violated SEQRA because of the Board's failure to take a hard look at the cumulative

environmental impact of the projects on the minimum preserve acreage necessary to ensure survival of the Pine Bush ecology and the Karner Blue butterfly *(see, Matter of Save the Pine Bush v Planning Bd., 130 AD2d 1, supra; see also, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 205-206).*

SEFCU and MAEOPI assert that prior to granting their applications for site plan approvals, the Board complied with the applicable "reasoned elaboration" standard. They claim that this is so because in addition to the FGEIS in question, site-specific environmental assessments forms as well as other studies focusing on factors of possible environmental impact were submitted to the Board for its consideration. However, Supreme Court rationally determined that these reports did not compensate for the inadequate FGEIS. An attempt to resolve the minimum acreage issue in the FGEIS is required *(see, Matter of Save the Pine Bush v Planning Bd., 130 AD2d 1, 3-4, supra).* Supreme Court, therefore, appropriately held that the Board's approvals were arbitrary and capricious in light of its failure to take a hard look at an area of potential environmental impact which had previously been determined to be relevant and significant.

Finally, we reject SEFCU's contention that Supreme Court's imposition of the remedial measure to resolve the minimum preserve issue as a condition to SEQRA approval of SEFCU's project effectuates a regulatory taking in violation of its constitutional rights to just compensation and due process. The duty to consider the issue prior to approval is rationally related to the advancement of the significant State interest of minimizing the adverse environmental effects of the proposed actions *(see,* ECL 8-0109 [1]).

Order and judgment entered April 28, 1987 affirmed, without costs.

Appeals from orders entered November 4, 1987 dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.