(August 28, 1989)

■ RESIDENTS FOR A MORE BEAUTIFUL PORT WASHINGTON, INC., et al., Appellants-Respondents, v TOWN OF NORTH HEMPSTEAD et al., Respondents-Appellants, and PITTSBURGH NATIONAL BANK et al., Respondents.—In an action, inter alia, for a judgment declaring that certain resolutions and agreements relating to the purchase by the defendant Town of North Hempstead Solid Waste Management Authority of certain property violated the Open Meetings Law (Public Officers Law art 7), and for injunctive relief, (1) the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), dated October 11, 1988, as dismissed the complaint, and the municipal defendants cross-appeal from so much of the same

order and judgment as failed to declare that they did not violate the Open Meetings Law (Public Officers Law art 7).

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, and it is declared that the municipal defendants did not violate the provisions of the Open Meetings Law (Public Officers Law art 7); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants appearing separately and filing separate briefs, are awarded one bill of costs.

This action arises out of the proposed action by the Town of North Hempstead to build a solid waste management incinerator facility in the Village of Port Washington on a 460-acre site known as the Morewood Property. The facts concerning the proposed action are fully set forth in the plaintiffs' companion appeal (Matter of Residents for a More Beautiful Port Washington v Town of N. Hempstead, 149 AD2d 266). The plaintiffs, which include a not-for-profit corporation comprised of citizens of the town, commenced the instant action for declaratory and injunctive relief, claiming that members of the defendant Town Board and/or of the Town of North Hempstead Solid Waste Management Authority (hereinafter the Authority), the lead agency under the New York State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) with regard to the proposed facility, violated the terms of the Open Meetings Law (Public Officers Law art 7). The plaintiffs alleged that private meetings were held among members of the Town Board, the Authority and representatives of the defendant Pittsburgh National Bank prior to March 15, 1988, when a public announcement by the town of the purchase for $33,200,000 of the Morewood Property as the site for the proposed solid waste management facility was made and the Landfill Concession and Solid Waste Service Agreement (hereinafter Landfill Agreement) which transferred the operation of the town's landfill to the Authority was executed by the town and the Authority. Based on these alleged Open Meetings Law violations, the plaintiffs sought a judgment declaring the aforesaid $33,200,000 transaction and the Landfill Agreement null and void and enjoining the defendants from taking any further action relating to these matters unless and until they complied with the provisions of the Open Meetings Law (Public Officers Law art 7). Upon the defendants' separate motions, the Supreme Court dismissed

the plaintiffs' complaint in its entirety. The court reasoned that while it found that "technical violations of the Open Meetings Law did take place", judicial relief nullifying the action taken by the defendants was not warranted. On this point, the court noted that there was no allegation that the actions taken by the defendants would have been any different if the Open Meetings Law had been complied with, nor did the plaintiffs allege that the terms and conditions of the Landfill Agreement and the related resolutions and agreements concerning the purchase of the Morewood Property were unconscionable or fraudulent. The court found that these facts, coupled with the practical and financial ramifications of attempting to "undo" the agreements, weighed heavily against judicial "unscrambling" of the subject agreements and resolutions. Accordingly, the complaint was dismissed in its entirety.

Although we conclude that the plaintiffs' complaint was properly deemed to be without merit, our determination is based on a ground different from those proffered by the Supreme Court. A review of the pleadings herein establish that the plaintiffs' allegations that private meetings "must have" taken place among a quorum of the Town Board and/or the Authority and representatives of the Pittsburgh National Bank prior to March 15, 1988, in violation of the Open Meetings Law, are merely conclusory and speculative in nature and not supported by any specific facts. In fact, the record indicates that the "meetings" to which the plaintiffs refer were merely negotiations between the parties' respective attorneys concerning the details of the proposed transactions. In view thereof, the plaintiffs' complaint failed to state a valid cause of action concerning violations of the Open Meetings Law *(see, Kalmanash v Smith,* 291 NY 142; *Taylor v State of New York,* 36 AD2d 878; *Foley v D'Agostino,* 21 AD2d 60).

We note that since this is a declaratory judgment action, the Supreme Court should have made a declaration of the rights of the parties rather than dismissing the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Accordingly, the order and judgment must be reversed insofar as cross-appealed from and a declaration made that the municipal defendants did not violate the provisions of the Open Meetings Law (Public Officers Law art 7). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.