■ In the Matter of SAVE THE PINE BUSH, INC., et al., Respondents-Appellants, v COMMON COUNCIL OF THE CITY OF ALBANY et al., Appellants-Respondents, and KARNER PINES EXECUTIVE OFFICE PARK, INC., et al., Intervenors-Appellants-Respondents.—Mikoll, J. P. Cross appeals from a judgment of the Supreme Court (Cobb, J.), entered May 1, 1992 in Albany County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul determinations of respondent Common Council of the City of Albany amending the City of Albany Zoning Code, and declared ordinances 30.32.90 and 2.11.90 null and void.

The instant appeal is yet another case arising out of the proposed development of portions of the Pine Bush area in the City of Albany (see, e.g., Matter of Save the Pine Bush v Planning Bd., 130 AD2d 1, lv denied 70 NY2d 610, cert denied sub nom. Benacquista, Polsinelli & Serafini Mgt. Corp. v Save the Pine Bush, 486 US 1032; Matter of Save the Pine Bush v City of Albany, 117 AD2d 267, mod 70 NY2d 193). The primary and secondary boundaries of the Pine Bush preserve are outlined on a map configuring the preserve prepared by the Eastern New York Chapter of the Nature Conservancy. Karner Pines Executive Office Park, Inc. (hereinafter Karner Pines), an intervenor in this litigation, intends to develop a parcel of approximately 20 acres of land located at 40 New Karner Road in the City. Nine of the 20 acres are to be improved with a 130,000-square-foot office complex. Approximately three of the nine acres are within the secondary boundary of the preserve and approximately 11.5 of the 20 acres are to be set aside to be added to the preserve. Charles Touhey, also an intervenor, owns approximately 12 acres located at 300 Washington Avenue Extension in the City on which he plans to develop a 125,000-square-foot office complex. Touhey's 12 acres are outside the proposed preserve parameters.

The previously described parcels were zoned R-1 (residential) and therefore required rezoning to C-PB (commercial-Pine Bush) in order to be developed as proposed. Respondent Common Council of the City of Albany (hereinafter respondent), the lead agency, passed resolutions declaring both proposed zoning amendments to be type I actions pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) (see, 6 NYCRR 617.2 [ii], [v]; 617.6 [b] [1]), issued a positive declaration for each project and required the preparation of environmental impact statements (see, 6 NYCRR 617.6

[g] [2] [iv]). Draft and final environmental impact statements were also prepared and accepted by respondent. The ordinances were passed and signed into law and respondent adopted a SEQRA findings statement *(see,* 6 NYCRR 617.9 [c]) in relation to each ordinance.

This combined CPLR article 78 proceeding and action for declaratory judgment seeking to annul the determinations amending the City of Albany Zoning Code and to declare the two ordinances null and void was commenced by petitioner Save the Pine Bush, Inc. (hereinafter petitioner), a not-for-profit corporation formed to protect the Albany Pine barrens, and certain individual members named in the petition. Petitioners claimed that respondent did not take a hard look at and give a reasoned elaboration for its determination that there would be no significant environmental impact from the permitted development.

Supreme Court granted Karner Pines permission to intervene in the litigation and held "that respondents failed to take a hard look at the actual preserve area or configuration necessary to ensure survival of the Pine Bush ecology and the Karner Blue butterfly". Judgment was entered annulling the determinations and declaring the Zoning Code amendments null and void. Respondents and Karner Pines appeal. Petitioners cross-appeal from that portion of the judgment which failed to consider information they belatedly furnished Supreme Court concerning the Albany Pine Bush Preserve Commission's management plan and the proposed Federal rule considering listing the Karner Blue Butterfly as an endangered species. This Court granted Touhey's motion to intervene and participate as an appellant.

The judgment of Supreme Court should be affirmed. Prior decisions of this Court and the Court of Appeals have established that the Pine Bush ecology, the Karner Blue Butterfly and the necessary minimal acreage required to provide for preservation of these concerns are relevant and important in the review of any SEQRA action in the Pine Bush area *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 200, *modfg* 117 AD2d 267, *supra; Matter of Save the Pine Bush v City of Albany,* 141 AD2d 949, 953, *lv denied* 73 NY2d 701; *Matter of Save the Pine Bush v Planning Bd.,* 130 AD2d 1, 3-4, *supra).* Subsequent to these decisions three scientists finished their report finding that an approximate minimum of 2,000 acres is necessary for the survival of the Karner Blue Butterfly and the Pine Bush ecology, but that this minimum acreage would not be effective unless a comprehensive fire-

management policy was implemented. The three scientists endorsed a five-lobe configuration designed to avoid the danger of a single catastrophic fire that could destroy the entire preserve and agreed that the secondary and primary preserve lines established by the Eastern New York Chapter of the Nature Conservancy contained nearly all the pine barrens currently existing.

Completion of the scientists' report and an acceptance of the 2,000 minimal acreage condition was not adequate for a complete analysis of the environmental impact of the zoning amendments. It was essential for a proper analysis to assess whether the minimum acreage could be acquired in the absence of the subject parcels or provide a reasoned elaboration as to why such an assessment was not required.

Examination of the record reveals that respondent approved the amendments when only 1,700 acres had been acquired for the preserve. Although the City had plans in place to increase the acreage in the preserve, petitioners presented evidence that the City's reliance on the Nature Conservancy for further acquisitions was misguided and that the subject parcels could potentially be incorporated into the preserve. The probability, likelihood or expectation of acquiring the necessary acreage is not addressed in the environmental impact statements (which cover the reasons the properties are not necessarily suitable for acquisition into the preserve), nor in the SEQRA findings statements (which restate the same findings).

The determinations lack a reasoned elaboration concerning the manner in which the necessary 2,000 acres would be acquired in the absence of the subject parcels, which was an environmental concern that had to be addressed as it was essential to perpetuate the Pine Bush ecology and the Karner Blue Butterfly. Thus, Supreme Court properly reviewed whether respondent took a hard look and, upon its conclusion that respondent did not do so, properly annulled the determinations (see, Matter of WEOK Broadcasting Corp. v Planning Bd., 79 NY2d 373, 383; Akpan v Koch, 75 NY2d 561, 570).

Karner Pines' claim that Supreme Court's decision amounts to a regulatory taking by virtue of its imposition of the requirement that the configuration of the preserve be more fully considered and planned before the zoning amendments are allowable is rejected. A regulatory taking challenge is not generally applicable to a court's interpretation of statutes or regulations, or to any burdens imposed as a result of the court's decision; rather, such a challenge is typically directed at statutes or regulations which restrict the use of property in

some form *(see, e.g., Seawall Assocs. v City of New York,* 74 NY2d 92, *cert denied sub nom. Wilkerson v Seawall Assocs.,* 493 US 976; *Kalikow 78/79 Co. v State of New York,* 174 AD2d 7, *appeal dismissed* 79 NY2d 1040). In any event, a regulatory taking challenge fails on the merits where the regulation advances a significant State interest *(see, Lucas v South Car. Coastal Council,* 505 US —, —, 112 S Ct 2886, 2893-2894; *Seawall Assocs. v City of New York, supra,* at 107) and imposition of remedial measures as a condition for SEQRA approval has already been held to advance a significant State interest *(see, Matter of Save the Pine Bush v City of Albany,* 141 AD2d 949, *supra).*

Petitioners' cross appeal, claiming that the materials they belatedly submitted to Supreme Court after oral argument had been held should have been considered by the court, is without merit. Petitioners have not shown that Supreme Court abused its discretion *(see, Matter of Jackson v New York Urban Dev. Corp.,* 67 NY2d 400, 417; *Foitl v G.A.F. Corp.,* 64 NY2d 911, 913).

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.