■ In the Matter of SETH E. MANY, Appellant, v VILLAGE OF SHARON SPRINGS BOARD OF TRUSTEES et al., Respondents. [650

NYS2d 486] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 12, 1996 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as moot.

We affirm, for, as Supreme Court rightly observed, petitioner's failure to seek injunctive relief to maintain the status quo during the pendency of this challenge to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]; *see, Matter of Many v Village of Sharon Springs Bd. of Trustees,* 218 AD2d 845), during which time the underlying project—a large warehouse facility in the Village of Sharon Springs, Schoharie County—has been substantially completed, at a cost of over $25 million, and placed into operation, has rendered his claims moot (*see, Ughetta v Barile,* 210 AD2d 562, 563, *lv denied* 85 NY2d 805; *Matter of Save the Pine Bush v Cuomo,* 200 AD2d 859, 860, *lv dismissed* 83 NY2d 884). Neither the fact that an ancillary part of the facility has not yet been completed, nor petitioner's assertion that it is the operation of the facility, not its construction per se, that poses a risk to the environment, warrants a different conclusion (*see, Matter of Save the Pine Bush v City Engr.,* 220 AD2d 871, 872, *lv denied* 87 NY2d 807; *Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 247, *affd* 59 NY2d 849).

Petitioner's contention that the issues raised herein, even if moot, should have been addressed on the merits is similarly unpersuasive. In an attempt to demonstrate that the questions presented by the instant petition are "substantial and novel", one of the factors necessary to trigger the exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715), petitioner emphasizes the uniqueness and intrinsic value of the particular hydrogeologic features of the Village and surrounding area. A convincing showing has not been made, however, that further significant development is likely to occur there, such that the issues peculiar to the affected geographic location might be expected to arise again (*compare, Matter of Save the Pine Bush v City of Albany,* 141 AD2d 949, 951-952, *lv denied* 73 NY2d 701).

More importantly, there is no reason why the questions petitioner poses—among them, whether respondents violated SEQRA by engaging environmental consultants with conflicting interests; whether the decision to permit the project had been made, for all practical purposes, before SEQRA analysis was undertaken; and whether information was withheld, so as to render essentially meaningless the purported opportunities for public participation—would necessarily evade review, if

they were to recur. Indeed, to obtain such review, concerned citizens need only preserve their rights by seeking appropriate preliminary relief in a timely manner (*see, Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners*, 72 NY2d 307, 311, *cert denied* 488 US 966; *Matter of Watch Hill Homeowners Assn. v Town Bd.*, 226 AD2d 1031, 1032, *lv denied* 88 NY2d 811).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.