■ In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v CITY OF ALBANY et al., Respondents. [722 NYS2d 310] —Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 21, 2000 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to, *inter alia,* declare invalid the rezoning of a certain parcel of land from residential to commercial.

This appeal involves a challenge to the rezoning of a 12-acre parcel located at 300 Washington Avenue Extension in the City of Albany from residential to commercial. Petitioners allege that in enacting the zoning change, respondent Common Council of the City of Albany violated the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) by considering updated land use and transportation studies filed after the close of the public comment period, by failing to take the requisite "hard look" at the cumulative impact of other pending projects on the minimum 2,000 fire-manageable acres essential for maintenance of the Pine Bush ecology (*see, Matter of Save the Pine Bush v Common Council,* 188 AD2d 969, 971) and by failing to consider the impact of the proposed development on neighboring residential areas. After respondents filed an answer and objections in point of law, Supreme Court dismissed the petition in its entirety in a lengthy and detailed decision. Citing its own substantive review of the administrative record, Supreme Court found that petitioners' claims had either been waived or were without merit as the rezoning determination had been rationally based. Petitioners appeal.

Notwithstanding petitioners' contentions to the contrary, we find that the amount of construction which occurred on the subject parcel after Supreme Court's determination renders petitioners' claims moot and precludes further review by this Court. During the pendency of this appeal, the current owner of the parcel expended over $1 million by clearing 9 of the 12 acres, installing infrastructure and substantially completing the larger of two proposed office buildings for the site. Petitioners had failed to affirmatively move before Supreme Court for injunctive relief precluding such construction. In addition, they

then waited nearly nine months after Supreme Court's decision to seek such relief from this Court. The owner's investment of these significant funds prior to petitioners' belated application for injunctive relief mandates dismissal of the instant appeal on mootness grounds (*see, Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643, 644, *lv denied* 89 NY2d 811; *Ughetta v Barile*, 210 AD2d 562, 563, *lv denied* 85 NY2d 805).

We also reject petitioners' contention that, because only one of the two planned office buildings has been constructed, the appeal is not moot as to the yet undeveloped portion of the property. As noted, 9 of the property's 12 acres have been cleared of vegetation. The remaining three acres consist of a buffer zone along three of the four sides of the rectangular parcel in which existing trees and vegetation cannot be disturbed. Of the disturbed acres, more than half have already been developed by the erection of the larger building on the rear of the property, as well as by the installation of parking areas and access drives to benefit both structures. Thus, to the extent that petitioners argue that an area still exists which could be planted with vegetation native to the Pine Bush, that area is confined to the relatively small "footprint" of the proposed second building planned on the front portion of the property facing the road. Since this area is so limited, we cannot subscribe to petitioners' claim that this factor alone negates the mootness of this appeal.

Nor are we persuaded by petitioners' argument that this factual scenario presents an exception to the mootness doctrine under *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 714-715). Specifically, we do not find that the issue of whether the entire Pine Bush Preserve now consists of more than 2,000 "burnable" acres to be one which will "typically evad[e] review" (*id.,* at 715) in the context of future rezoning or development applications, particularly in light of the long history of litigation involving the Pine Bush which has judicially recognized the importance of attaining the minimum acreage necessary to preserve its unique ecology (*see, e.g., Matter of Save the Pine Bush v Planning Bd.*, 217 AD2d 767, 770, *lv denied* 87 NY2d 803; *Matter of Save the Pine Bush v Common Council, supra,* at 971; *Matter of Save the Pine Bush v City of Albany*, 141 AD2d 949, 953, *lv denied* 73 NY2d 701).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.