■ In the Matter of REGINA ZIMMERMAN et al., Appellants, v PLANNING BOARD OF TOWN OF SCHODACK et al., Respondents. [742 NYS2d 431] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 24, 2001 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

Petitioners live directly adjacent to a business park developed by respondent British American Capital Corporate Campus LLC in the Town of Schodack, Rensselaer County. In this CPLR article 78 proceeding filed on November 17, 2000, they purport to challenge an October 16, 2000 decision of respondent Planning Board of the Town of Schodack approving the site plan for an office building then proposed for construction on certain lots in the business park. After respondents raised statute of limitations defenses in their respective answers, Supreme Court dismissed the petition and denied a preliminary injunction against construction of the building. In addition to finding other infirmities in the proceeding, the court, in a thorough and well-reasoned decision, dismissed it as time barred. On appeal, we have little to add to Supreme Court's analysis.

A fair reading of the petition, the affidavits in support thereof and petitioners' briefs on appeal reveals that the gravamen of their complaint concerns the location of the main access road to the business park and not the site plan of the subject office building, which was proposed for lots on the opposite side of the road from their property.[1] Specifically, petitioners contend that the access road has been constructed too close to their residence in violation of the terms of an environmental impact statement adopted by respondent Town of Schodack. It is incontrovertible that the precise location of this road was determined by a subdivision plat which was approved by the Planning Board on January 4, 1999.

Even if we were to assume, arguendo, that the impact of this particular decision was unknown to petitioners, the exact location of the road and its obvious proximity to their home was certainly apparent as early as November 30, 1999, when its construction was substantially complete. Moreover, the record confirms that petitioner Regina Zimmerman had actual knowledge of the road's location as of June 19, 2000. On that date, she was in attendance at a Planning Board meeting and complained about the glare from cars in her house. Notwithstanding, this proceeding was not commenced until November 17, 2000, over 22 months after the subdivision plat was approved, nearly a year after the road itself was constructed and nearly five months after the Planning Board meeting at which their objections were voiced. Because the alleged harm from

---

1. Illustratively, the 38 page petition itself contains at least 25 references to the location of the road, petitioners' 53 page brief makes over 70 references to the location of the road and their 15 page reply brief makes over 40 references to it.

which petitioners suffer is clearly the location of the access road and because petitioners did not timely contest same, Supreme Court correctly dismissed this proceeding as time barred (*see,* Town Law § 282; *Matter of Save the Pine Bush v Town Bd. of Town of Guilderland,* 272 AD2d 689, 692; *see also,* CPLR 217).[2]

As a final matter, certain arguments raised for the first time in petitioners' reply brief are not properly before this Court (*see, Fishman v Beach,* 237 AD2d 705, 706) and all remaining contentions have been considered and found to be without merit.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

2. Even crediting petitioners' claim that their real objection in this proceeding is to the site plan for the office building, we note that they failed to seek relief from this Court pending appeal preventing its construction. Thus, dismissal of the instant appeal on mootness grounds would in any event be warranted (*see, Matter of Gorman v Town Bd. of Town of E. Hampton,* 273 AD2d 235, 236, *lv denied* 96 NY2d 703; *see also, Matter of Save the Pine Bush v New York State Dept. of Envtl. Conservation,* 289 AD2d 636, 640, *lv denied* 97 NY2d 611; *Matter of Save the Pine Bush v City of Albany,* 281 AD2d 832, 833; *Matter of Save the Pine Bush v City Engr. of City of Albany,* 220 AD2d 871, 872, *lv denied* 87 NY2d 807).