■ In the Matter of THELMA R. KOLATCH, Appellant, v TOWN OF AMENIA PLANNING BOARD et al., Respondents. [833 NYS2d 396]—In a proceeding pursuant to CPLR article 78 to review two determinations of the Town of Amenia Planning Board dated January 2, 2003 and September 9, 2003, respectively, which, (a) after a hearing, granted the application for subdivision approval of the respondents Ajit M. Banerjee and Uma R. Banerjee, and (b) determined to accept a modified map of the same subdivision for filing, the petitioner appeals (1), as limited by her brief, from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Dutchess County (Dolan, J.), dated April 20, 2005, as granted the motion of the Town of Amenia Planning Board to dismiss so much of the amended petition as, in effect, sought to annul the determination dated January 2, 2003, and (2) a judgment of the same court dated July 26, 2005, as amended August 1, 2005, which denied the remainder of the petition and, in effect, dismissed the proceeding.

Ordered that the order and interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment, as amended, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly determined that the petitioner's challenge to the subdivision approval was untimely (*see* Town Law § 282; *Matter of Zimmerman v Planning Bd. of Town of Schodack*, 294 AD2d 776 [2002]; *Fairris v Town of Washington Planning Bd.*, 167 AD2d 368 [1990]).

The Supreme Court also correctly concluded that the determination by the Town of Amenia Planning Board to accept a

modified map of the same subdivision for filing was not illegal, nor was it arbitrary and capricious (*see* Amenia Town Code § 105-24 [C]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). Schmidt, J.P., Krausman, Florio and Balkin, JJ., concur.