10-0589-cv
*Mitskovski et al. v. Buffalo & Fort Erie Pub. Bridge Auth.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand and eleven.

PRESENT:

PIERRE N. LEVAL,
DEBRA ANN LIVINGSTON,
      *Circuit Judges*,

RICHARD M. BERMAN,
      *District Judge*.[*]

_____

MARK B. MITSKOVSKI, ELIZABETH A. MARTINA,

      *Plaintiffs-Appellants*,

THOMAS J. PISA,
      *Plaintiff*,

  -v.-                              No. 10-0589-cv

BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY,

      *Defendant-Appellee*.

_____

[*] The Honorable Richard M. Berman, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

ROBERT E. KNOER, The Knoer Group PLLC, Buffalo, New York, *for Plaintiffs-Appellants*.

MARILYN A. HOCHFIELD, Kavinoky Cook LLP, Buffalo, New York, *for Defendant-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED IN PART and DISMISSED IN PART AS MOOT.

Plaintiffs-Appellants Mark B. Mitskovski and Elizabeth A. Martina appeal from a Decision and Order of the United States District Court for the Western District of New York (Schroeder, *M.J.*) granting summary judgment to Defendant-Appellee Buffalo and Fort Erie Public Bridge Authority ("Bridge Authority") and denying Appellants' cross-motion for summary judgment.[1] Appellants sought a declaration: 1) that the Bridge Authority is a state agency and public body subject to the New York State Environmental Quality Review Act ("SEQRA"), N.Y. Envtl. Conserv. Law § 8-0101 et seq., the New York State Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law § 84 et seq., and the New York State Open Meetings Law, N.Y. Pub. Off. Law § 100 et seq.; 2) that it violated SEQRA by segmenting its Border Infrastructure Improvement Project ("BIIP") from its Capacity Expansion Project ("CEP"), and by failing to review adequately the environmental impact of the BIIP; and 3) that it violated a court order issued in a prior state court decision. *See City of Buffalo v. N. Y. State Dep't of Envtl. Conserv. & Buffalo Olmstead Parks Conservancy v. Buffalo & Fort Erie Pub. Bridge Auth.*, 184 Misc.2d 243, 255-56 (N.Y. Sup. Ct. 2000).

Both parties moved for summary judgment. On January 22, 2010, the district court granted

---

[1] Plaintiff Thomas J. Pisa is not a party to this appeal.

the Bridge Authority's motion for summary judgment and denied the Appellants' cross-motion, concluding that the abovementioned statutes were inapplicable to the internal operations of the Bridge Authority, and that the Bridge Authority did not violate the state court order. Appellants timely filed their notice of appeal on February 18, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

Before adjudicating the merits of an appeal, we must determine whether we have jurisdiction. *See Muhammad v. City of N.Y. Dep't of Corr.*, 126 F.3d 119, 122 (2d Cir. 1997). We review issues of justiciability, including mootness, *de novo. See Adams v. Zarnel*, 619 F.3d 156, 161 (2d Cir. 2010). We also review *de novo* a district court's order granting summary judgment. *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009). In reviewing such an order, the appellate court must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006). Review is limited to determining whether the district court properly concluded that as to each claim there was no genuine issue of material fact, and whether the substantive law was correctly applied for identification of material facts. *H.L. Hayden Co. v. Siemens Medical Sys.*, 879 F.2d 1005, 1011-12 (2d Cir. 1989).

Appellants here seek a declaratory judgment that the Bridge Authority is subject to SEQRA, FOIL, and the Open Meetings Law, and that it violated the court's order issued in *City of Buffalo*. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States" to declare rights and other relations in an "actual controversy." *Id.* For the purposes of a declaratory action, an "actual controversy" only exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

3

declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Importantly, "a mere demand for declaratory relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*, 24 F.3d 427, 431 (2d Cir. 1994). Where "'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.'" *Id.* (quoting *Browning Debenture Holders' Comm. v. Dasa Corp.*, 524 F.2d 811, 817 (2d Cir. 1975)).

Under the doctrine of mootness, a court no longer has subject matter jurisdiction when "the parties lack a legally cognizable interest in the outcome" of the case. *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (quoting *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted). "This occurs 'when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur.'" *Zarnel*, 619 F.3d at 162 (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)).

## A. Applicability of New York Laws

### 1. *Declaration that the Bridge Authority Violated SEQRA*

Appellants seek a declaration that the Bridge Authority is subject to SEQRA, and that it violated SEQRA with respect to the BIIP. In reviewing a SEQRA determination, a court "is solely concerned with the procedural and substantive mandates of SEQRA, not with the ultimate environmental consequences of the *proposed* action." *Har Enters. v. Town of Brookhaven*, 74 N.Y.2d 524, 530 (N.Y. 1989) (emphasis added). Consequently, a SEQRA challenge is often moot where the project at issue has already been completed. *See, e.g.*, *Many v. Vill. of Sharon Springs Bd. of Trustees*, 234 A.D.2d 643, 644 (N.Y. App. Div. 3d Dep't 1996). In determining whether a

4

SEQRA challenge is moot, "we must consider how far the work has progressed towards completion." *Citineighbors Coalition of Historic Carnegie Hill v. N.Y. City Landmarks Pres. Comm'n*, 2 N.Y.3d 727, 729 (N.Y. 2004). Several other factors are "significant in evaluating claims of mootness. Chief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation." *Dreikausen v. Zoning Bd. of Appeals of the City of Long Beach*, 98 N.Y.2d 165, 173 (N.Y. 2002). Other factors include "whether work was undertaken without authority or in bad faith, and whether substantially completed work is 'readily undone, without undue hardship.'" *Citineighbors*, 2 N.Y.3d at 729 (quoting *Dreikausen*, 98 N.Y.2d at 173).

Here, Appellants "did not try to enjoin construction during this litigation's pendency." *Id.*; *see also Dreikausen*, 98 N.Y.2d at 174; *Many*, 234 A.D.2d at 644. Work on the BIIP began in 2004 and was completed in 2008, a period during which the Appellants could have safeguarded their challenge by promptly requesting preliminary injunctive relief. *See Citineighbors*, 2 N.Y.3d at 730; *Many*, 234 A.D.2d at 645. Further, there is no indication that the Bridge Authority undertook the project in bad faith, or that the significant renovations resulting from the BIIP would be "readily undone, without undue hardship." As a result, Appellants' SEQRA challenge must be dismissed as moot.

2. *Declaration that the Bridge Authority is Subject to FOIL*

Appellants also seek a declaration that the Bridge Authority is subject to FOIL. Appellants, however, have not alleged a harm to them resulting from the Bridge Authority's contentions that it is not subject to FOIL. Under New York law, a plaintiff's remedy for a FOIL violation is a court order requiring disclosure of the documents requested. *See, e.g.*, *W. Harlem Bus. Group v. Empire*

5

*State Dev. Corp.*, 13 N.Y.3d 882, 883 (N.Y. 2009); *Markowitz v. Serio*, 11 N.Y.3d 43, 47 (N.Y. 2008). In the district court, Appellants did not demand the production of any documents allegedly withheld in violation of FOIL. They instead asked merely for a declaration of an abstract proposition of law. They now assert that the declaration "will have a real and effective impact," and thus "effectively determine an actual controversy." Appellants Reply 22. But so far as the complaint discloses, a declaration that the Bridge Authority is subject to FOIL would have no practical effect on the litigation. The claim therefore does not present "an actual controversy."

3. *Declaration that the Bridge Authority is Subject to the Open Meetings Law*

Appellants argue that the Bridge Authority should be required to comply with the Open Meetings Law. Even assuming that the Open Meetings Law applies to the Bridge Authority, Appellants fail to state a valid cause of action. New York's Open Meetings Law requires that "every meeting of a public body . . . be open to the general public." N.Y. Pub. Off. Law § 103(a); *see also Matthes v. Town of E. Fishkill*, 785 F.2d 43, 45 (2d Cir. 1986). A plaintiff's allegations that the Open Meetings Law has been violated, however, cannot be "merely conclusory and speculative in nature." *Residents for a More Beautiful Port Wash., Inc. v. Town of N. Hempstead*, 153 A.D.2d 727, 729 (N.Y. App. Div. 2d Dep't 1989); *see also E. End Prop. Co. v. Town of Brookhaven*, 2007 NY Slip Op 51032U at *10 (N.Y. Sup. Ct. 2007) (requiring "more than mere conclusory allegations" to sustain an Open Meetings Law claim). On appeal, Appellants allege no violation of the Open Meetings Law and seek only a declaration that it applies to the Bridge Authority. Appellants' sole allegation in its complaint below was that "[u]pon information and belief, the Public Bridge Authority did not hold any open meetings regarding the Current Project." Compl. ¶ 213. Such a statement is insufficient to sustain Appellants' claim. *See Town of N. Hempstead*, 153 A.D.2d at 729

6

(finding an allegation that private meetings "must have taken place . . . in violation of the Open Meetings Law" failed to state a valid cause of action "concerning violations of the Open Meetings Law"). It must therefore be dismissed.

**B. Compliance With the *City of Buffalo* Court Order**

Appellants finally argue that the Bridge Authority violated the order issued by the state court in *City of Buffalo*, which "permanently enjoined" the Bridge Authority "from going forward with *bridge construction* [proposed in the CEP] until it has complied with SEQRA." 184 Misc.2d at 255-56 (emphasis added). The state court also remitted the matter to the Bridge Authority "for reconsideration of the cumulative impact of the proposed bridge construction and the related plaza/connected roadways project, and consideration of alternatives, and for preparation of an environmental impact statement concerning the same." *Id.* at 256. Appellants contend that this order constituted a permanent injunction against the Bridge Authority from taking *any* physical action related to infrastructure improvements to the plaza.

Appellant's contention is without merit. The plain text of the order only enjoined the Bridge Authority from constructing a second bridge until it completed an environmental impact statement considering the impact of both the CEP bridge construction project and a related plaza/connecting roadways project. It did not enjoin the Bridge Authority from taking *any* physical action related to infrastructure improvements to the plaza. As the district court correctly noted, the Bridge Authority is currently reviewing the impact of both projects and has not commenced construction of a second bridge. We therefore conclude that the district court did not err in granting summary judgment with regard to this claim.

7

**C. Conclusion**

We have considered the parties' remaining arguments and find them to be moot or without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART and DISMISSED IN PART AS MOOT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk