*848 Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In December of 1993, respondent Board of Trustees adopted a resolution approving a lease of property to respondent Blasdell Development Group for the purpose of constructing and operating a garbage transfer facility or other similar use or purpose. The Village and Blasdell Development executed the lease on December 13, 1993. Thereafter, Blasdell Development submitted a solid waste permit application to the Department of Environmental Conservation (DEC) and the Department suggested that the Village designate itself as lead agency for the State Environmental Quality Review Act (SEQRA) review of the project. Respondent Board of Trustees did so by resolution, conducted a SEQRA review, and resolved, in September of 1994, to issue a negative declaration.
In January of 1995, petitioners commenced this CPLR article 78 proceeding and declaratory judgment action challenging the municipality’s compliance with SEQRA. Their petition demanded judgment rescinding and nullifying the Board’s resolution of December 1, 1993, a declaration that the lease executed December 13, 1993 is void ab initio and judgment rescinding and nullifying the negative declaration of September 1994. We agree with the Appellate Division that the challenge to the validity of the resolution approving the lease, and thus the validity of the lease itself, is time barred.
The basis of petitioners’ complaint is respondents’ noncompliance with SEQRA, and accordingly, the four-month Statute of Limitations applicable to allegations of SEQRA violations applies (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202-203; CPLR 217). To determine when the statute was triggered, the Appellate Division properly ascertained what actions petitioners sought to review (see, Matter of Monteiro v Town of Colonie, 158 AD2d 246, 249). Here, petitioners contended in their petition that the Village violated SEQRA twice — when it resolved to approve the lease prior to conducting any review of the environmental impact of the waste transfer facility, and again when it resolved to issue a negative declaration upon allegedly inadequate SEQRA review. They demanded nullification of the separate actions taken by the Board in December of 1993 and September of 1994.
With respect to the December 1993 action of the Board, the Statute of Limitations was triggered when the Board commit *849 ted itself to "a definite course of future decisions” (6 NYCRR 617.2 [b] [2], [3]; see, Matter of Save the Pine Bush v City of Albany, supra, 70 NY2d, at 203). That occurred when the Board of Trustees resolved to approve the lease and certainly no later than when the lease was executed in December of 1993. At that point, respondent Board’s decision-making process with respect to the project was complete and petitioners became aggrieved by the SEQRA violation of which they complain — the Village’s approval of a lease for a waste transfer station without having conducted a SEQRA review (see, 6 NYCRR 617.3 [a]). Though petitioners may also have been aggrieved by the subsequent SEQRA review upon which the negative declaration was based, that action did not serve to toll the statutory period and thereby enable them to challenge the earlier resolution and lease (cf., Matter of Wing v Coyne, 129 AD2d 213, 217).
Alternatively, petitioners contend that the September 1994 resolution "renewed” the Statute of Limitations because it was a "fresh and new determination” of the project’s environmental impact. The contention is without merit because the resolution to adopt the negative declaration was the initial SEQRA declaration; it was not issued following reconsideration of the project’s environmental impact (compare, Chase v Board of Educ., 188 AD2d 192).
Accordingly, the Appellate Division correctly concluded that petitioners’ challenge to respondents’ actions in December of 1993 is untimely.
Insofar as petitioners challenge the Appellate Division’s determination that the negative declaration was not ripe for review, that issue has been rendered moot. The Appellate Division, in the interests of judicial economy, determined that the Village lacked jurisdiction to serve as "lead agency” for the SEQRA review related to respondent Blasdell Development Group’s application to the DEC for a permit to operate the waste transfer facility. Thereafter, and in apparent response to the decision of the Appellate Division, the DEC reestablished itself as "lead agency” for SEQRA review. That agency will eventually make a new determination of environmental impact pursuant to SEQRA. Therefore, under the circumstances presented, the challenge to the Board’s negative declaration is moot.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ceparick concur.
*850 Order affirmed, with costs, in a memorandum.