■ In the Matter of EDWARD GORMAN et al., Appellants, v TOWN BOARD OF THE TOWN OF EAST HAMPTON, Respondent. EAST HAMPTON AIRPORT PROPERTY OWNERS ASSOCIATION, INC., Intervenor-Respondent. [709 NYS2d 433] —In a hybrid action and proceeding pursuant to CPLR 3001 and CPLR articles 78 and 63, *inter alia,* for a judgment declaring (1) that the environmental review by the Town Board of the Town of East Hampton of a project involving the widening and overlay of the main runway at the East Hampton Airport did not comply with the requirements of the State Environmental Quality Review Act and (2) the Town of East Hampton Town Resolution No. 928 of 1997, and the 1994 Airport Layout Plan to be null and void, the appeal is from (1) an order of the Supreme Court, Suffolk County (Kitson, J.), dated September 14, 1998, which, *inter alia,* (a) granted the motion of the Town Board of the Town of

East Hampton to dismiss the proceeding pursuant to CPLR article 78 and (b) denied their motion for a preliminary injunction, and (2) a judgment of the same court, dated October 6, 1998, which, *inter alia*, dismissed the matter.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the matter (*see, Matter of Aho*, 39 NY2d 241, 248), and because no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78, and leave has not been granted (*see*, CPLR 5701 [b]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

The project at issue in this hybrid action and proceeding is the proposed widening of the primary runway of the East Hampton Airport. Since the modifications to the runway have been completed, this appeal from a judgment which, *inter alia*, dismissed the action and proceeding to review the Town resolution authorizing the project and denied injunctive and declaratory relief attendant thereto, must be dismissed as academic. The appellants' request to enjoin the commencement of the project was denied by the Supreme Court. The appellants failed to move in this Court for a preliminary injunction to preserve the status quo pending the determination of this appeal. Thus, they failed to preserve their rights pending judicial review (*see, Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643; *Matter of Harbour v Riedell*, 172 AD2d 920; *Matter of Burns Pharmacy v Conley*, 146 AD2d 842; *Town of Oyster Bay v New York Tel. Co.*, 75 AD2d 598; *see also, Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359; *cf., Vitiello v City of Yonkers*, 255 AD2d 506).

Under the circumstances of this case, we find no basis to address the merits of the appellants' claims (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *Matter of Many v Village of Sharon Springs Bd. of Trustees, supra*, at 644). Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.