■ In the Matter of JOAN T. BRODERICK et al., Appellants, v BERNADETTE CASTRO, as Commissioner of New York State Office of Parks, Recreation and Historic Preservation, et al.,

Respondents. (Appeal No. 1.) [726 NYS2d 197] —Judgment unanimously affirmed without costs. Memorandum: With respect to the judgment in appeal No. 1, we conclude that Supreme Court properly granted respondents' motions seeking dismissal of the first four causes of actions in the petition as time barred. On June 11, 1997, the New York State Office of Parks, Recreation and Historic Preservation (OPRHP) entered into a $4.8 million contract with Construction Services of Niagara, Inc. to renovate four World War II era buildings at Fort Niagara State Park for use as hotel, restaurant and concession facilities and to operate those facilities through December 31, 2037. That contract became effective and its 40-year term commenced on January 14, 1998 when it was approved by the State Comptroller. OPRHP then conducted an environmental assessment of the project pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8), which was completed on June 28, 1999 (see, ECL 8-0109 [8]; 6 NYCRR 617.11 [c]). Petitioners commenced the instant proceeding on October 26, 1999, alleging in the first four causes of action that OPRHP failed to comply with PRHPL 14.09 and SEQRA prior to entering into the contract. Contrary to petitioners' contention, the applicable four-month Statute of Limitations (see, CPLR 217 [1]) was triggered when OPRHP committed itself to a definite course of action by entering into the contract and petitioners became aggrieved by the alleged violations of PRHPL and SEQRA (see, Matter of Young v Board of Trustees, 89 NY2d 846, 848-849).

With respect to the judgment in appeal No. 2, we conclude that the court properly dismissed the remaining cause of action on its merits and thus granted judgment to respondents dismissing the proceeding in its entirety. Contrary to the contention of petitioners, OPRHP identified the archeological impact resulting from any new ground disturbance as a relevant environmental concern, took a hard look at that impact and then made the reasoned decision that the impact will be minimal because most of the work will be done inside the buildings (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). We conclude that there is a rational basis in the record for the proposed mitigation measures of OPRHP in the event of any new ground disturbance (see, Matter of Jackson v New York State Urban Dev. Corp., supra, at 421). (Appeal from Judgment of Supreme Court, Niagara County, Fricano, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.