■ In the Matter of Christopher A. Spence, as Executor of Erwin J. Spence, Jr., Deceased, et al., Appellants, v John P. Cahill, as Commissioner of New York State Department of Environmental Conservation, Respondent. [752 NYS2d 511] —Appeal from a judgment (denominated order) of Supreme Court, Steuben County (Bradstreet, J.), entered May 8, 2001, which, inter alia, granted respondent's motion to dismiss the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted respondent's motion to dismiss the petition for failure to join necessary parties (*see* CPLR 3211 [a] [10]). Petitioners commenced this proceeding challenging respondent's determination establishing well spacing units in a natural gas field in the Town of Pultney that is being developed by Columbia Natural Resources (CNR). Petitioners contended that they were improperly excluded from sharing in the royalties from a well (Bergstresser well spacing unit) located on a farm immediately adjacent to their property and sought to modify the determination establishing the boundaries of that well spacing unit to include their parcel.

The court properly determined that the 16 landowners within the Bergstresser well spacing unit are necessary parties

because, if petitioners prevail, the royalties of those 16 land-owners will be adversely affected (*see* CPLR 1001 [a]). "A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding" (*Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763; *see Matter of Van Derwerker v Village of Kinderhook Zoning Bd. of Appeals*, 295 AD2d 676). Petitioners' contention that the 16 landowners are not neces-sary parties because their potential loss of royalties on a per-centage basis is de minimis is made for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). We further note that petitioners' contention is based upon factual information appearing for the first time in petitioners' brief on appeal (*see generally Oram v Capone*, 206 AD2d 839, 840).

We disagree with petitioners that dismissal was not the ap-propriate remedy here (*see* CPLR 1001 [b]). The statute of lim-itations has expired with respect to the 16 landowners, who were never served, and they have not consented to appear. Petitioners contend that the interests of the 16 landowners will be protected by respondent. The interest of respondent, however, is regulatory only (*see* ECL 23-0301), and thus there is no assurance that, if this matter were allowed to go forward, the interests of the 16 landowners in their royalties would be protected (*see Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935; *Matter of Llana v Town of Pittstown*, 245 AD2d 968, 969, *lv denied* 91 NY2d 812).

In any event, petitioners failed to explain why they did not name the 16 landowners as respondents in the first instance. The original petition filed in this matter indicates that petition-ers were aware from the outset of the identity of the 16 land-owners, which was also a matter of public record (*see Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465; *Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738, 740, *lv denied* 96 NY2d 712; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963-964, *lv denied* 87 NY2d 807; *see also Llana*, 245 AD2d at 969). In view of our determination, we do not determine the further issue whether CNR is also a nec-essary party. Present—Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.