■ In the Matter of HUDSON VALLEY NURSERY, INC., Appellant, v PLANNING BOARD OF TOWN OF ORANGETOWN et al., Respondents. (Proceeding No. 1.) In the Matter of HUDSON VALLEY NURSERY, INC., Appellant, v PLANNING BOARD OF TOWN OF ORANGETOWN et al., Respondents. (Proceeding No. 2.) [760 NYS2d 353] —In two related proceedings pursuant to CPLR article 78 to review (1) a determination of the Planning Board of the Town of Orangetown, dated June 13, 2001, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and (2) a determination of the Planning Board of the Town of Orangetown, dated July 25, 2001, granting final subdivision approval for a 21-lot residential subdivision, the petitioner appeals, as limited by its brief, from so much of two judgments (one in each proceeding) of the Supreme Court, Rockland County (Kelly, J.), both entered May 14, 2002, as denied the respective petitions.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

The petitioner failed to move in the Supreme Court for a preliminary injunction to enjoin the construction of the subject

subdivision while this matter was pending there. In addition, the petitioner failed to move in this Court for a preliminary injunction to preserve the status quo pending the determination of the appeal. Thus, the petitioner failed to preserve its rights pending judicial review and the appeal must be dismissed as academic (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165 [2002]; *Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals,* 290 AD2d 507 [2002]). The subject project is substantially complete. If the petitioner prevailed under these circumstances, the prejudice to the individual respondents would be substantial (*see Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals, supra*). Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.