■ In the Matter of LAWRENCE C. DOWNES, Appellant, v TOWN OF SOUTHAMPTON ZONING BOARD OF APPEALS et al., Respondents.
[790 NYS2d 469]—

In a consolidated proceeding pursuant to CPLR article 78 to review two determinations of the respondent Town of Southampton Zoning Board of Appeals dated January 6, 2000, and August 16, 2001, respectively, which granted variances for the construction of a single-family residence on the property of the respondent Carol Boye, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of

the Supreme Court, Suffolk County (Molia, J.), dated May 20, 2003, as granted the respondents' motion for summary judgment dismissing the petition as academic, in effect, dismissed the proceeding, and denied as academic the petitioner's cross motion for leave to enter a default judgment or for summary judgment.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner sought to review two determinations of the respondent Town of Southampton Zoning Board of Appeals which granted variances for the construction of a single-family residence on the property of the respondent Carol Boye, which adjoins the petitioner's property. Since the construction of the dwelling was completed while this matter was pending in the Supreme Court, and the petitioner failed to move in the Supreme Court for a preliminary injunction to enjoin the construction of the subject dwelling, the petitioner failed to preserve his rights pending judicial review (*see Matter of Hudson Val. Nursery v Planning Bd. of Town of Orangetown,* 306 AD2d 283, 284 [2003]; *Matter of Padavan v City of New York,* 291 AD2d 561 [2002]; *cf. Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals,* 290 AD2d 507 [2002]; *Matter of Gorman v Town Bd. of Town of E. Hampton,* 273 AD2d 235 [2000]; *see also Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165, 172-173 [2002]).

Accordingly, in the absence of bad faith in completing construction, the Supreme Court properly dismissed the proceeding as academic (*cf. Matter of Manglaviti v Kozakiewicz,* 6 AD3d 717 [2004]; *Matter of Riley v Dowling,* 221 AD2d 446 [1995]). Therefore, the Supreme Court correctly denied as academic the petitioner's cross motion for a leave to enter default judgment or for summary judgment. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.