■ In the Matter of SOUTHWEST OGDEN NEIGHBORHOOD ASSOCIATION et al., Appellants, et al., Petitioner, v TOWN OF OGDEN PLANNING BOARD, Respondent. FERNE RICHARDSON et al., Nonparty Respondents. [844 NYS2d 530]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 23, 2006 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, dismissed the petition with prejudice.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the petition is dismissed without prejudice and as modified the judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the determination of respondent Town of Ogden Planning Board (Planning Board) that no environmental impact statement is required with respect to a residential subdivision project proposed by nonparty respondents Ferne Richardson, the property owner, and Euler Road Properties, LLC (Euler), the developer. We conclude that Supreme Court properly granted the motion of Richardson and Euler and the Planning Board's cross motion to dismiss the petition but erred in doing so on the merits. Although dismissal of the petition was required based on petitioners' failure to join Richardson and Euler as necessary parties (*see generally* CPLR 1001 [a]; *Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370, 371 [2004], *lv denied* 4 NY3d 704 [2005]; *Matter of Spence v Cahill*, 300 AD2d 992, 992-993 [2002], *lv denied* 1 NY3d 508 [2004]), we agree with petitioners that the statute of limitations has not expired with respect to Richardson and Euler and thus that the petition should have been dismissed without prejudice (*cf. Spence*, 300 AD2d at 993). The 30-day statute of limitations for challenging the subdivision proposal on State Environmental Quality Review Act ([SEQRA] ECL art 8) grounds will not be triggered until the Planning Board files the preliminary plat approval (*see* Town Law § 282; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 613-614 [1991]; *see also Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 317 [2006]; *Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1102-1103 [2007]; *cf. Stop-The-Barge v Cahill*, 1 NY3d 218, 223-224 [2003]), and the Planning Board's SEQRA determination is not yet ripe for judicial review (*see Matter of Young v Board of Trustees of Vil. of Blasdell*, 221

AD2d 975, 977 [1995], *affd* 89 NY2d 846 [1996]). We therefore modify the judgment accordingly. In light of our determination, we do not consider petitioners' remaining contentions. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.