In the Matter of TIMOTHY J. DOWD et al., Appellants, et al., Petitioners, v PLANNING BOARD OF VILLAGE OF MILLBROOK et al., Respondents. [862 NYS2d 385]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of Village of Millbrook, both dated December 15, 2005, granting an application for preliminary approval of a proposed residential subdivision on Nine Partners Lane in the Village of Millbrook, and issuing a negative declaration under the State Environmental Quality Review Act (ECL art 8), the petitioners Timothy J. Dowd, Michele Dowd, Gary Beller, Howard Bellin, Walter Cadette, Joan Cadette, Robert Mahar, and John Jagar appeal (1) from an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), dated July 12, 2006, which granted the motion of the Planning Board of Village of Millbrook to dismiss the proceeding pursuant to CPLR 3211 (a) (5) as time-barred and dismissed the proceeding, and (2), as limited by their brief, from so much of an order of the same court dated January 10, 2007, as denied their motion for leave to renew their opposition to the motion to dismiss the proceeding.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

The petitioners did not seek injunctive relief until 10 months after the date of the order and judgment granting the motion of

the Planning Board of the Village of Millbrook (hereinafter the Planning Board) to dismiss this CPLR article 78 proceeding pursuant to CPLR 3211 (a) (5) as time-barred, and dismissing this proceeding challenging the Planning Board's grant of preliminary subdivision approval. During those 10 months, final approval was given for the subdivision, and since that time, the subject project has been substantially completed. Specifically, it is undisputed that the existing home on one of the lots was renovated and sold, that the applicants obtained all the building permits necessary to construct homes on the three other subject lots, and that construction of those homes is well under way, at considerable cost to the applicants.

The appellants failed to timely do all that they could to safeguard their interests, and we thus dismiss the appeals as academic (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165 [2002]; *Matter of Hudson Val. Nursery v Planning Bd. of Town of Orangetown,* 306 AD2d 283 [2003]; *cf. Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd.,* 12 AD3d 445 [2004]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.