■ In the Matter of WALLKILL CEMETERY ASSOCIATION, INC., et al., Appellants, v TOWN OF WALLKILL PLANNING BOARD et al., Respondents. [905 NYS2d 609]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Wallkill dated December 7, 2005, which adopted a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8), and action for a judgment declaring that the Planning

Board of the Town of Wallkill acted illegally in adopting the findings statement pursuant to the State Environmental Quality Review Act (ECL art 8), and enjoining the Planning Board of the Town of Wallkill from taking any action with respect to the application of E. Tetz and Sons, Inc., for site plan approval with respect to the construction of an asphalt plant, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Nicolai, J.), dated May 7, 2008, which denied their motion to amend the petition/complaint, inter alia, to add new parties, denied the petition, and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, with one bill of costs.

The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding and action to challenge a findings statement adopted by the Planning Board of the Town of Wallkill on December 7, 2005, pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), which found that all negative impacts from a project proposed by E. Tetz and Sons, Inc. (hereinafter Tetz), to construct an asphalt plant were sufficiently mitigated. Although such a challenge would usually be dismissed for lack of ripeness since, under most circumstances, the issuance of a SEQRA findings statement does not inflict injury in the absence of an actual determination on an application for a land-use approval (*see generally Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 317 [2006]; *Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848-849 [1996]; *Matter of Southwest Ogden Neighborhood Assn. v Town of Ogden Planning Bd.*, 43 AD3d 1374, 1374-1375 [2007]), here, we dismiss the appeal as academic.

In the instant matter, the petitioners failed to move in the Supreme Court for a preliminary injunction to enjoin the construction of the asphalt plant and, after the petition was denied and the proceeding dismissed by the Supreme Court, they failed to seek a stay in this Court to preserve the status quo pending the determination of this appeal. In the interim, the asphalt plant was fully constructed and has been operational for almost two years. Thus, the petitioners have failed to preserve their rights pending judicial review, and the matter is now academic (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 174 [2002]; *Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-730 [2004]; *Matter of Imperial Improvements v Town of Wappinger Zoning*

*Bd. of Appeals*, 290 AD2d 507, 508 [2002]; *Matter of Gorman v Town Bd. of Town of E. Hampton*, 273 AD2d 235, 236 [2000]).

Contrary to the petitioners' contention, the record does not show that Tetz proceeded with construction of the asphalt plant in bad faith. Rather, it shows that Tetz did not begin construction of the asphalt plant until more than two years after this proceeding and action was commenced, and only after review pursuant to SEQRA was completed and all necessary approvals and permits were issued. Thus, it cannot be said that Tetz "rush[ed] to completion" in order to defeat the petitioners' rights to judicial review, or that it otherwise proceeded in bad faith (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 174; *see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 728-729). Moreover, if the petitioners prevailed on their claims for injunctive relief under these circumstances, the prejudice to Tetz would be substantial (*see Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals*, 290 AD2d at 508; *cf. Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret*, 286 AD2d 906 [2001]).

Accordingly, we dismiss the appeal as academic and do not address the merits of the petitioners' claims (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 174; *Matter of Dowd v Planning Bd. of Vil. of Millbrook*, 54 AD3d 339, 340 [2008]; *Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals*, 290 AD2d 507 [2002]; *Matter of Gorman v Town Bd. of Town of E. Hampton*, 273 AD2d 235 [2000]). Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.