■ ALLSAFE TECHNOLOGIES, INC., Respondent, v CHARLES BENZ, Doing Business as DIGITAL CARD SYSTEMS, Appellant. [902 NYS2d 462]—

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered May 21, 2009 in a breach of contract action. The order, insofar as appealed from, denied that part of defendant's motion to dismiss the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this breach of contract action alleging that defendant, Charles Benz, doing business as Digital Card Systems, failed to pay for products that he ordered and received from plaintiff. In his answer, defendant alleged,

inter alia, that he has never conducted business as Digital Card Systems and that, rather, Digital Card Systems, Inc., a subsidiary of Liska Biometry, Inc., purchased the products from plaintiff. Defendant further alleged that he is a resident of the Commonwealth of Massachusetts and that Supreme Court lacked personal jurisdiction over him. The court properly denied defendant's motion seeking, inter alia, to dismiss the complaint on the ground that the court lacked personal jurisdiction inasmuch as plaintiff met its burden of demonstrating that "facts 'may exist' to exercise personal jurisdiction over the defendant" (*Ying Jun Chen v Lei Shi*, 19 AD3d 407, 408 [2005]).

We nevertheless conclude that the court erred in denying defendant's motion insofar as it sought to dismiss the complaint on the ground that plaintiff failed to join a necessary party, i.e., Digital Card Systems, Inc. (*see* CPLR 3211 [a] [10]; *Matter of Spence v Cahill*, 300 AD2d 992 [2002], *lv denied* 1 NY3d 508 [2004]). The record establishes that Digital Card Systems, Inc. ordered the products in question from plaintiff and made a partial payment. We therefore conclude that Digital Card Systems, Inc. ought to be a party inasmuch as "complete relief" may not be accorded between the parties to this action without joining Digital Card Systems, Inc. (CPLR 1001 [a]). Although we cannot conclude on the record before us that the court had jurisdiction to order Digital Card Systems, Inc. "summoned" (CPLR 1001 [b]), under the facts presented here, we conclude that the court abused its discretion in permitting the action to proceed without Digital Card Systems, Inc. as a party (*see Spence*, 300 AD2d 992 [2002]; *see generally Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 459 [2005]). Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.