In the Matter of PETER SHERMAN et al., Appellants, v PLANNING BOARD OF VILLAGE OF SCARSDALE et al., Respondents. [918 NYS2d 878]—

The appellants commenced this CPLR article 78 proceeding to review, among other things, a determination of the Planning Board of the Village of Scarsdale that conditionally granted the application of their neighbors, Moshe Gelboim and Ellen Gelboim (hereinafter together the Gelboims), for approval of a plan to subdivide their property into two lots. The Supreme Court, inter alia, in effect, denied the petition and dismissed the proceeding.

It is undisputed that during the pendency of this appeal, the Gelboims obtained approval and filing of the final plat for their subdivision by, among other things, effecting the demolition of the existing house and pool on the subject property, at significant personal expense. The appellants failed to move in the Supreme Court for a preliminary injunction to enjoin the

Gelboims from undertaking the steps needed to obtain final plat approval. In addition, the appellants failed to move in this Court for a preliminary injunction to preserve the status quo pending the determination of this appeal. Consequently, the appellants failed to preserve their rights pending appellate review, and the appeal must be dismissed as academic (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165 [2002]; *Matter of Dowd v Planning Bd. of Vil. of Millbrook*, 54 AD3d 339, 340 [2008]; *Matter of Hudson Val. Nursery v Planning Bd. of Town of Orangetown*, 306 AD2d 283 [2003]; *Matter of Padavan v City of New York*, 291 AD2d 561 [2002]). Under the instant circumstances, the Gelboims would suffer substantial prejudice if the petitioners prevailed (*see Matter of Hudson Val. Nursery v Planning Bd. of Town of Orangetown*, 306 AD2d 283 [2003]; *Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals*, 290 AD2d 507 [2002]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.

---

Motion by the respondents Moshe Gelboim and Ellen Gelboim to dismiss the appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated October 13, 2009, on the ground that is has been rendered academic, or on the ground of laches. By decision and order on motion dated July 23, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for a determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied as academic in light of the dismissal of the appeal. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.