■ In the Matter of FREDERIC PAPERT, Appellant, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF QUOGUE et al., Respondents. [949 NYS2d 466]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Quogue dated March 27, 2010, which, after a hearing, affirmed the issuance of a coastal erosion management permit by the Village Building Inspector to the respondent Jules Peete, LLC, for the reconstruction of an existing house, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated April 20, 2011, which granted the motion of the respondent Jules Peete, LLC, pursuant to CPLR 7804 (f) to deny the petition as academic, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The petitioner commenced this CPLR article 78 proceeding to review a determination of the Zoning Board of Appeals of the Incorporated Village of Quogue (hereinafter the Board) that affirmed the issuance of a coastal erosion management permit to the respondent Jules Peete, LLC (hereinafter Peete), for the reconstruction of an existing house on oceanfront property located in a coastal erosion hazard area. Thereafter, Peete moved to dismiss the petition as academic in light of the substantial completion of the construction project. After the construction project was complete and a certificate of occupancy was issued by the Village, the Supreme Court granted Peete's motion to deny the petition as academic, and dismissed the proceeding.

Since the petitioner failed to move in the Supreme Court for a preliminary injunction to preserve the status quo during the pendency of this litigation, he did not timely do all he could have done to safeguard his interests, and thus, he failed to preserve his rights pending judicial review of the Board's determination (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729-730 [2004]; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173-174 [2002]; *Matter of Sherman v Planning Bd. of Vil. of Scarsdale*, 82 AD3d 899, 899-900 [2011]; *Matter of Dowd v Planning Bd. of Vil. of Millbrook*, 54 AD3d 339, 340 [2008]; *Matter of Downes v Town of Southampton Zoning Bd. of Appeals*, 15 AD3d 398, 399 [2005]; *cf. Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 708 [2006]). Moreover, Peete did not proceed with the construction in bad faith or without authority, and under the circumstances here, Peete would suffer substantial prejudice if the petitioner prevailed (*see Matter of Citineigh-*

*bors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Matter of Sherman v Planning Bd. of Vil. of Scarsdale*, 82 AD3d at 900; *Matter of Wallkill Cemetery Assn., Inc. v Town of Wallkill Planning Bd.*, 73 AD3d 1189, 1191 [2010]). Contrary to the petitioner's contention, this proceeding did not present "novel issues or public interests such as environmental concerns" that warranted retention of jurisdiction (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173). Accordingly, the Supreme Court properly granted Peete's motion to deny the petition as academic, and properly dismissed the proceeding. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.