In a proceeding pursuant to CFLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Muttontown dated April 12, 2011, adopting an environmental findings statement pursuant to the State Environmental Quality Review Act (ECL art 8), in connection with applications for *863 a special use permit and site-plan approval, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered February 14, 2012, as, after the denial of those branches of the separate motions of the Board of Trustees of the Incorporated Village of Muttontown and the Jewish Congregation of Brookville which were to dismiss the petition on the ground that the matter was not ripe for adjudication, in effect, denied the petition and directed that the proceeding be dismissed.
Ordered that on the Court’s own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the determination in the order denying those branches of the separate motions of the Board of Trustees of the Incorporated Village of Muttontown and the Jewish Congregation of Brookville which were to dismiss the petition on the ground that the matter was not ripe for adjudication is vacated, and those branches of the motions are granted.
The Jewish Congregation of Brookville (hereinafter the Congregation) applied to the Board of Trustees of the Incorporated Village of Muttontown (hereinafter the Board) for a special use permit and site-plan approval in connection with a development project. The Board determined that the project would have a significant effect on the environment and, pursuant to its obligations under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), it circulated a final environmental impact statement (hereinafter FEIS). On April 12, 2011, the Board adopted the findings statement required by the regulations implementing SEQRA (see 6 NYCRR 617.11), among other things, certifying that “consistent with social, economic and other essential considerations from among the reasonable alternatives available, the action is one that avoids or minimizes adverse environmental impacts to the maximum extent practicable, and that adverse environmental impacts will be avoided or minimized to the maximum extent practicable by incorporating as conditions to the decision those mitigative measures that were identified as practicable” (6 NYCRR 617.11 [d] [5]). Based upon the findings statement, the Board approved the FEIS. Prior to the Board’s determination as to whether the special use permit sought by the Congregation should be issued and the proposed site plan approved, the petitioners, who live near the project site, commenced this proceeding pursuant to CPLR *864 article 78 to review the determination adopting the SEQRA findings statement. The Board and the Congregation (hereinafter together the respondents) each moved to dismiss the petition on the ground that the dispute was not ripe for adjudication. The Supreme Court denied the motions, and thereupon concluded that the challenged determination was not arbitrary and capricious, affected by error of law, or made in violation of lawful procedure. It thus, in effect, denied the petition on the merits and directed that the proceeding be dismissed. The petitioner appeals. The respondents argue that dismissal was appropriate, and that lack of ripeness constitutes an appropriate alternative basis for the dismissal (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]).
An action taken by an agency pursuant to SEQRA may be challenged only when such action is final (see CPLR 7801 [1]). An agency action is final when the decisionmaker arrives at a “ ‘definitive position on the issue that inflicts an actual, concrete injury’ ” (Stop-The-Barge v Cahill, 1 NY3d 218, 223 [2003], quoting Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). The position taken by an agency is not definitive and the injury is not actual or concrete if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party (see Stop-The-Barge v Cahill, 1 NY3d at 223; Matter of Essex County v Zagata, 91 NY2d at 453-454).
Here, the issuance of a SEQRA findings statement did not inflict injury in the absence of an actual determination of the subject applications for a special use permit and site-plan approval and, thus, the challenge to the adoption of the findings statement is not ripe for adjudication (see Matter of Wallkill Cemetery Assn., Inc. v Town of Wallkill Planning Bd., 73 AD3d 1189, 1190 [2010]; see also Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 317 [2006]; Matter of Guido v Town of Ulster Town Bd., 74 AD3d 1536, 1537 [2010]; Matter of Southwest Ogden Neighborhood Assn. v Town of Ogden Planning Bd., 43 AD3d 1374, 1374-1375 [2007]). Therefore, the Supreme Court should have granted those branches of the respondents’ separate motions which were to dismiss the petition on the ground that the matter is not ripe for adjudication.
We note that the Supreme Court, after denying the respondents’ motions to dismiss the petition, should not have disposed of the proceeding on the merits. Rather, the Supreme Court, prior to addressing the merits, should have directed the respondents to serve and file answers to the petition, directed *865 the Board to serve and file the full administrative record, and permitted the petitioners to renotice the matter for disposition (see CPLR 7804 [e], [f]; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 833 [2010]). However, since we have concluded that the Supreme Court should have granted those branches of the respondents’ separate motions which were to dismiss the petition on the ground that the matter is not ripe for adjudication, we decline to remit the matter to the Supreme Court, Nassau County, for the service and filing of an answer and the administrative record, and the renoticing of the matter for disposition.
In light of our determination, the parties’ remaining contentions need not be addressed.
Mastro, J.P, Lott, Austin and Roman, JJ., concur.