# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1266**
**CA 16-00062**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF COR ROUTE 5 COMPANY, LLC,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

VILLAGE OF FAYETTEVILLE, VILLAGE OF FAYETTEVILLE
BOARD OF TRUSTEES AND GOODFELLOW CONSTRUCTION
MANAGEMENT, LTD., RESPONDENTS-RESPONDENTS.

---

MANNION & COPANI, SYRACUSE (GABRIELLE MARDANY HOPE OF COUNSEL), FOR
PETITIONER-APPELLANT.

MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS VILLAGE OF FAYETTEVILLE AND VILLAGE OF
FAYETTEVILLE BOARD OF TRUSTEES.

WALTER D. KOGUT, P.C., FAYETTEVILLE (WALTER D. KOGUT OF COUNSEL), FOR
RESPONDENT-RESPONDENT GOODFELLOW CONSTRUCTION MANAGEMENT, LTD.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 18, 2015 in a CPLR article 78 proceeding. The judgment granted the motion of respondents to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul certain determinations of respondent Village of Fayetteville Board of Trustees (Board of Trustees), which resulted in the enactment of Local Law No. 1 of 2015. That local law amended the zoning district classification of two parcels following the issuance of a negative declaration of environmental significance under the State Environmental Quality Review Act ([SEQRA] ECL art 8), but provided that the amendment would "take effect only after approval by [the] Onondaga County Department of Transportation and final site plan approval by the Village of Fayetteville Planning Board has been granted."

Before answering, respondent Village of Fayetteville (Village) and the Board of Trustees filed a joint motion seeking, inter alia, dismissal of the petition pursuant to CPLR 3211 and 7804 (f). Respondent Goodfellow Construction Management, Ltd., who had applied

for the rezoning as part of a proposed retail development project, submitted an answer and joined in the motion.  Supreme Court granted the motion, concluding that the petitioner's proceeding was "premature" and that the Board of Trustee's action under SEQRA was "not ripe for judicial review."

We agree with petitioner that the court erred in granting the motion.  "Generally, a CPLR article 78 proceeding may not be used to challenge a nonfinal determination by a body or officer" (*Matter of Young v Board of Trustees of Vil. of Blasdell*, 221 AD2d 975, 977, *affd* 89 NY2d 846).  In order to determine whether an action is " 'final and binding upon the petitioner' " (*Matter of Ranco Sand & Stone Corp. v Vecchio*, 27 NY3d 92, 98), courts follow a two-step approach: "[f]irst, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34, *rearg denied* 5 NY3d 824).  In our view, the Board of Trustees' simultaneous issuance of a negative declaration and adoption of the zoning amendment rendered petitioner's challenges to the Board of Trustees' action ripe for review (*see generally Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 317).  The mere fact that the zoning amendment "was conditioned upon successful reviews and approvals by other agencies did not alter the fact that [it] became final and binding as to petitioner[] on the date it was filed" (*Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742, 744, *lv dismissed in part and denied in part* 94 NY2d 938; *see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 247 AD2d 395, 396; *Matter of Price v County of Westchester*, 225 AD2d 217, 220).

Moreover, although "rezoning is an 'action' subject to SEQRA" (*Matter of Neville v Koch*, 79 NY2d 416, 426; *see Matter of Bergami v Town Bd. of Town of Rotterdam*, 97 AD3d 1018, 1021; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford*, 106 AD2d 868, 869, *appeal dismissed* 66 NY2d 896), and the future site plan approval process may also constitute an action under SEQRA (*see Matter of Schweichler v Village of Caledonia*, 45 AD3d 1281, 1282, *lv denied* 10 NY3d 703; *Matter of Ferrari v Town of Penfield Planning Bd.*, 181 AD2d 149, 151; *see also* 6 NYCRR 617.2 [b]), the fact that petitioner may ultimately be aggrieved by a future SEQRA action does not affect the judicial ripeness of the SEQRA challenge relating to a prior action.  The fact remains that, at the time the Board of Trustees issued the negative declaration and amended the zoning laws, the Board of Trustees' "decision-making process with respect to [those issues] was complete and petitioner[] became aggrieved by the SEQRA violation of which [it] complain[s]" (*Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 849).

We therefore conclude that the adoption of the zoning amendment committed the Board of Trustees to a definitive position (*see Red Wing Props., Inc. v Town of Milan*, 71 AD3d 1109, 1110-1111, *lv denied* 15

NY3d 703; *Matter of Wing v Coyne*, 129 AD2d 213, 217; *see generally Matter of Gordon v Rush*, 100 NY2d 236, 242) and, as a result of that position, petitioner is aggrieved by the Board of Trustees' alleged failure to comply with SEQRA prior to the adoption of the zoning amendment (*see* 6 NYCRR 617.3 [a]; *Young*, 89 NY2d at 848-849).

We thus reverse the judgment, deny the motion, reinstate the petition, and remit the matter to Supreme Court to allow the Village and the Board of Trustees to submit an answer, and for further proceedings on the petition (*see* CPLR 7804 [f]; *Matter of Bethelite Community Church, Great Tomorrows Elementary Sch. v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002; *Matter of Degnan v Rahn*, 24 AD3d 1232, 1233).

Based on our determination, we do not address petitioner's remaining contentions.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court