Matter of Sierra Club v New York State Dept. of Envtl. Conservation (2019 NY Slip Op 01022)





Matter of Sierra Club v New York State Dept. of Envtl. Conservation


2019 NY Slip Op 01022


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1093 CA 18-00648

[*1]IN THE MATTER OF SIERRA CLUB, COMMITTEE TO PRESERVE THE FINGER LAKES BY AND IN THE NAME OF PETER GAMBA, ITS PRESIDENT, AND COALITION TO PROTECT NEW YORK, BY AND IN THE NAME OF KATHRYN BARTHOLOMEW, ITS TREASURER, PETITIONERS-APPELLANTS,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, BASIL SEGGOS, COMMISSIONER, GREENIDGE GENERATION, LLC, GREENIDGE PIPELINE, LLC, GREENIDGE PIPELINE PROPERTIES CORPORATION AND LOCKWOOD HILLS, LLC, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), AND RACHEL TREICHLER, HAMMONDSPORT, FOR PETITIONERS-APPELLANTS. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (CLAIBORNE E. WALTHALL OF COUNSEL), FOR RESPONDENTS-RESPONDENTS NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND BASIL SEGGOS, COMMISSIONER.
BARCLAY DAMON LLP, ALBANY (YVONNE E. HENNESSEY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS GREENIDGE GENERATION, LLC, GREENIDGE PIPELINE, LLC, GREENIDGE PIPELINE PROPERTIES CORPORATION AND LOCKWOOD HILLS, LLC. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Yates County (William F. Kocher, A.J.), entered June 20, 2017 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the amended petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this CPLR article 78 proceeding, petitioners appeal from a judgment that denied their motion for a temporary injunction and granted defendants' respective motions to dismiss the amended petition against them. This matter involves the recent renovation of a power plant that burned coal to generate electricity for nearly 80 years. The plant went temporarily inactive in 2011 and, three years later, respondents Greenidge Generation, LLC, Greenidge Pipeline, LLC, Greenidge Pipeline Properties Corporation, and Lockwood Hills, LLC (collectively, Greenidge) bought it seeking to resume operations using natural gas and biomass, rather than coal. Respondent New York State Department of Environmental Conservation, the lead agency on the environmental review of the proposed operations pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8), issued an amended negative declaration on June 28, 2016 based on revisions to certain air permits that were issued to Greenidge. Then, on October 17, 2016, the New York State Department of Public Service issued a notice to proceed with construction of a natural gas pipeline necessary to operate the plant.
On October 31, 2016, petitioners commenced this CPLR article 78 proceeding and sought in their amended petition to, inter alia, vacate the air permits based on alleged deficiencies in the SEQRA review. Significantly, although petitioners also sought to enjoin Greenidge from "taking steps to repower" the plant or constructing the pipeline, petitioners did not request a temporary restraining order (TRO). Instead, petitioners waited until December 23, 2016 to serve motion [*2]papers upon respondents seeking temporary injunctive relief. On January 5 and 6, 2017, respondents moved to dismiss the amended petition on the grounds of lack of standing and mootness. Oral argument was held on January 24, 2017, and Supreme Court reserved decision. In March, respondents informed the court that construction was completed and that the plant had resumed operations. On April 21, 2017, the court issued a decision denying petitioners' motion, granting respondents' motions, and dismissing the amended petition. A judgment was entered on June 20, 2017.
Petitioners filed a notice of appeal on July 19, 2017, but they did not seek an order from this Court enjoining operation of the plant. Petitioners perfected the appeal on April 17, 2018. Thereafter, Greenidge moved to dismiss petitioners' appeal as moot. In response, on July 9, 2018, petitioners cross-moved for an order enjoining the installation of certain equipment intended to mitigate fish impingement and entrapment. We denied Greenidge's motion to dismiss without prejudice to renew it at oral argument, and denied petitioners' cross motion.
We agree with respondents that the appeal should be dismissed as moot (see generally Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728 [2004]). Litigation over construction is rendered moot when the progress of the work constitutes a change in circumstances that would prevent the court from " rendering a decision that would effectively determine an actual controversy' " (id. at 728-729). In addition to the progress of the construction, other factors relevant to evaluating claims of mootness are whether the party challenging the construction sought injunctive relief, whether the "work was undertaken without authority or in bad faith" (id. at 729; see Matter of Wallkill Cemetery Assn., Inc. v Town of Wallkill Planning Bd., 73 AD3d 1189, 1191 [2d Dept 2010]), and whether "substantially completed work" can be undone without undue hardship (Citineighbors Coalition of Historic Carnegie Hill, 2 NY3d at 729; see Matter of Dowd v Planning Bd. of Vil. of Millbrook, 54 AD3d 339, 340 [2d Dept 2008]). The primary factor in the mootness analysis is "a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002]; see Wallkill Cemetery Assn., Inc., 73 AD3d at 1190). Generally, a petitioner seeking to halt a construction project must "move for injunctive relief at each stage of the proceeding" (Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 750 [1st Dept 2012], affd 20 NY3d 919 [2012]).
The plant has been operating lawfully since March 2017. The failure to preserve the status quo is entirely the fault of petitioners, who waited until the last possible day to commence this proceeding, failed to request a TRO, failed to pursue an injunction with any urgency, waited until the last possible day to take an appeal, spent nine months perfecting the appeal, and failed to seek injunctive relief from this Court until approximately one year after the entry of the judgment, in a transparent attempt to avoid dismissal of this appeal. As a result, the plant "was fully constructed and has been operational for almost two years[, and] [t]hus, the petitioners have failed to preserve their rights pending judicial review" (Wallkill Cemetery Assn., Inc., 73 AD3d at 1190).
Furthermore, it is undisputed that Greenidge did not undertake the project in bad faith. Indeed, Greenidge performed no work until "review pursuant to SEQRA was completed and all necessary approvals and permits were issued" (id. at 1191).
Petitioners do not dispute that Greenidge spent at least $12 million on construction of the plant. They contend, however, that some of the most expensive equipment has yet to be installed at a cost of approximately $44 million. Their estimate is based upon facts in a completely unrelated case involving the installation of purportedly similar equipment in New York County (Matter of Sierra Club v Martens, 53 Misc 3d 1204[A], 2016 NY Slip Op 51391[U] [Sup Ct, NY County 2016], affd 156 AD3d 454 [1st Dept 2017]). The assertion that the equipment to be installed in this case is approximate in cost to the equipment installed in that case is based upon sheer speculation. Regardless of the cost of any equipment that has yet to be installed, the construction long ago progressed to the stage where production of electricity using natural gas could proceed. Thus, we conclude that "construction of [the plant] is well under way, at considerable cost to [Greenidge]" (Dowd, 54 AD3d at 340).
Petitioners further contend that they are not requesting that Greenidge undo any of the completed construction. Petitioners thus assume that the relief they ultimately seek, i.e., the preparation of a full environmental impact statement, would not require significant, costly alterations to the construction that has already occurred. We see no basis for that assumption. Greenidge undertook the construction project with all the necessary permits based upon the conclusions and requirements of the existing SEQRA review. Greenidge substantially completed that construction, and we therefore conclude that petitioners' challenge to the SEQRA review became moot (see generally Matter of Riverkeeper, Inc. v Johnson, 52 AD3d 1072, 1073-1074 [3d Dept 2008], lv denied 11 NY3d 716 [2009]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court