Matter of Loehr v Durand (2026 NY Slip Op 01699)

Matter of Loehr v Durand

2026 NY Slip Op 01699

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, NOWAK, AND HANNAH, JJ.

1019 CA 25-00021

[*1]IN THE MATTER OF PETER W. LOEHR, PETITIONER-APPELLANT,
DvR. BONITA DURAND, INTERIM PRESIDENT AND CEO OF BUFFALO STATE UNIVERSITY, RESPONDENT-RESPONDENT. 

PETER W. LOEHR, PETITIONER-APPELLANT PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY J. KIERNAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered June 5, 2024, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition and amendments. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to provide certain documents sought pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). Petitioner appeals from a judgment that dismissed the petition and amendments. Contrary to petitioner's contention, Supreme Court properly granted respondent's motion to dismiss the petition for failing to name a necessary party.
A party whose interest may be adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (see CPLR 1001 [a]; Matter of Martin v Ronan, 47 NY2d 486, 490 [1979]; Matter of Spence v Cahill, 300 AD2d 992, 992-993 [4th Dept 2002], lv denied 1 NY3d 508 [2004]). Here, we conclude that the State University of New York (SUNY) FOIL Appeals Office is a necessary party inasmuch as it made the final determinations as to petitioner's FOIL requests (see generally Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 877 [1st Dept 2021]; Matter of McNeill v Town Bd. of Town of Ithaca, 260 AD2d 829, 830 [3d Dept 1999], lv denied 93 NY2d 812 [1999]) and that respondent is not a proper party because she did not render the final determinations as to petitioner's FOIL requests (see Matter of La Russo v Neuringer, 105 AD3d 743, 744 [2d Dept 2013]; see also Matter of Schulz v Town of Hopewell Zoning Bd. of Appeals, 163 AD3d 1477, 1478 [4th Dept 2018]). In light of petitioner's failure to include a necessary party, the petition was properly dismissed (see Spence, 300 AD2d at 992-993; McNeill, 260 AD2d at 829). Finally, we deny petitioner's request to add the necessary party or parties inasmuch as the statute of limitations has expired (see generally Matter of Lodge v D'Aliso, 2 AD3d 525, 526 [2d Dept 2003], lv denied 2 NY3d 702 [2004]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court